HAMITER, Justice.
 

 This appeal presents a legal question respecting the termination of a trust created under and pursuant to the provisions of the Louisiana Trust Estates Act. Act No. 81 ■of 1938.
 

 On December 31, 1943, Mrs. Henry Landry de Freneuse (hereinafter termed settlor) executed an instrument by which she placed in trust for the benefit of her six children (to help establish them in life) a piece of commercial real estate, together with improvements thereon, situated in the ■City of New Orleans, reserving to herself therefrom revenues of $833.33 per month. Later, ■ she renounced her right to this monthly income and irrevocably transferred and donated it to the mentioned beneficiaries.
 

 On June 10, 1949, three of the children-instituted this action praying that the trust be terminated and cancelled and that they and the other three beneficiaries be declared the owners in fee simple of the property without any restrictions or obligations. In the petition plaintiffs described certain circumstances that had arisen since the creation of the trust, and they then alleged, “That owing to these circumstances and particularly those not known to the settlor and not anticipated by her, the continuance of the trust would defeat or substantially impair the accomplishment of the purposes of the trust, to wit, to establish the said children in life.”
 

 Made defendants were the other beneficiaries (one of whom is also a trustee), the settlor of the trust (Mrs. de Freneuse), and the three trustees.
 

 The settlor answered as follows:
 

 “Now Into Court comes Mrs. Henry Landry De Freneuse, upon whom copy of the pleadings herein have been served, and admits all of the facts therein set out but shows that she has no further interest in the property and submits the matter to the Court.
 

 “Wherefore, your appearer prays that judgment be granted according to law.”
 

 Two of the trustees (who are not beneficiaries excepted to the petition, averring that it “does not state a cause of action in that the law of Louisiana does not permit the termination of a trust for the reasons
 
 *95
 
 set forth in the petition.” Thereafter, they filed an answer in which they admitted ail of plaintiffs’ factual allegations.
 

 The remaining defendants answered similarly.
 

 The district court overruled the trustees’ exception of no cause of action; and, after trial of the merits, it rendered judgment in favor of plaintiffs in accordance with their prayer.
 

 Neither the settlor of the trust nor any of the beneficiaries appealed. This appeal was taken by the two trustees (who are not beneficiaries), and they complain here only of the district court’s overruling of the exception of no cause of action.
 

 Presented by the appeal, therefore, is the single legal question of whether the law of Louisiana empowers a court to direct or to permit the termination of a trust when, if continued, the accomplishment of its purpose would be impaired substantially by circumstances not known or anticipated by the settlor .(such impairing circumstances are alleged in the petition, are necessarily conceded for the purpose of considering the exception, and are specifically admitted by all parties at interest). The question is answered in the affirmative by Section 91 of Act No. 81 of 1938, the Trust Estates Act, it reading as follows: “If owing to circum- • stances not known to the settlor and not anticipated by him, the continuance of the trust would defeat or substantially impair the accomplishment of the purposes of the trust, the proper cofirt shall direct or permit the termination' of the trust, in whole or in part.”
 

 For the reasons assigned the judgment is affirmed.