SAMUEL, Judge.
Leo Heymann, the decedent herein, died July 14, 1968, leaving a last will and testament dated August 20, 1960 and two codicils dated September 16, 1965 and September 23, 1966. The will creates several trusts in favor of decedent’s widow, his grandchildren and his only child, Leo E. Heymann. Following completion of the administration of the succession, and just one day after letters of trusteeship had been issued to the co-trustees, Leo E. Hey-mann filed a motion and rule seeking to have the corpus of the trust in his favor invaded “ * * * for the necessary support, maintenance, education, medical expense and welfare of himself and his family.”
After trial contradictorily against the trustees there was judgment in favor of plaintiff in rule ordering the trustees to deliver to him, from the principal of the trust, 3,000 shares of the common stock of C. I. T. Financial Corporation “for the maintenance and support of the said Leo E. Heymann”, the balance of the assets to remain in the trust. The trustees have prosecuted this appeal from that judgment.
The material facts are not in dispute. The trust in question is a spendthrift trust and plaintiff in rule is the sole income and principal beneficiary. Decedent’s widow originally was appointed trustee but in the second codicil that appointment was changed to the present co-trustees, an attorney and a certified public accountant. The principal of the trust exceeds $200,000 and consists chiefly of 4,050 shares of C. I. T. Financial Corporation common stock. The trust provides that during its term the trustees shall distribute the income to the beneficiary in convenient installments. The only other payment to the beneficiary mentioned in the trust is that whenever the income of the beneficiary from all sources *907 shall be insufficient for his reasonable support “because of expenses incurred through protracted illness, surgical operation or other emergencies affecting his health” in their discretion the trustees may pay to him, “because of the incurring of such expenses,” such amounts from the corpus of the trust which are necessary or appropriate. The trust also provides that the interest of the beneficiary may not be voluntarily or involuntarily alienated or encumbered except to the extent provided by Section 28 of the Louisiana Trust Estate Act (Act 18 of 1938, § 28 as amended by Act 290 of 1944), the then existing trust law relative to restraints on alienation.
Testimony given on behalf of the beneficiary by himself, his wife and his mother is to the following effect: He is now 41 years of age and has five persons fully dependent, and three persons partially dependent, upon him for their support. His total income amounts to approximately $15,400 per year, $8,000 from his law practice and $7,400 from the trust, much less than in some prior years, particularly 1954 to 1960 when he received between $40,000 and $50,000 annually from an agency which insured all loans of Home Finance, a family owned company. When the family sold Home Finance to C. I. T. Financial Corporation in 1960 the purchaser secured insurance elsewhere. He and his family always have maintained a very high standard of living and while his father was alive the latter supplied him with additional money needed for that purpose. (In this connection we note the gross community estate was $2,466,925.10.) During the year preceding the filing of the rule in suit he received $28,000 in attorney’s fees from this succession and obtained $150,000 from his mother for the purpose of paying his debts. He paid some of those debts in the approximate amount of $72,000 and now has $3,-000 remaining. At the time of trial, only several months later, his total obligations, other than current, were approximately $40,000. The record also reveals he has gambled to excess and continues to gamble although apparently less than formerly.
Plaintiff in rule estimates he requires $4,000 monthly to maintain his family which consists of his former wife, his present wife, his three daughters by his first marriage, the husband of his eldest daughter (both she and her husband attend college while the two younger daughters attend high school), and his first wife’s mother. Thus, at this time his expenses amount to about two and one-half times his income. He admits there are no medical expenses, and no medical necessity, requiring invasion of the corpus; his requested invasion is based upon the contention that the same is necessary to maintain him and his family at the high standard of living to which they have been accustomed for years.
Due to the fact that plaintiff in rule is the sole beneficiary and therefore his was the only interest which could be impaired thereby, the trial court interpreted LSA-R.S. 9:2067 as authority permitting invasion of the corpus. In addition, contending there were circumstances not known to the decedent and not anticipated by him, counsel for plaintiff in rule argue an invasion is proper under LSA-R.S. 9:2026. We cannot agree with either the trial court’s conclusion or counsels’ argument. Those sections read:
“The proper court may direct or permit a trustee to pay income or principal from the trust property for the necessary support, maintenance, education, medical expenses, or welfare of a beneficiary before the time he is entitled to the enjoyment of that income or principal, if the interest of no other beneficiary of the trust is impaired thereby.” LSA-R.S. 9:2067.
“The proper court may order the termination or modification of a trust, in whole or in part, if, owing to circumstances not known to a settlor and not anticipated by him, the continuance of the trust unchanged would defeat or substantially impair the purposes of the trust.” LSA-R.S. 9:2026.
It is true that plaintiff in rule is the sole beneficiary. However, the above *908 quoted § 2067 means only that the corpus can be invaded, where otherwise proper, only if the interest of no other beneficiary is impaired by such invasion. It certainly does not mean that where there is only one beneficiary the corpus can be invaded for that reason only and without regard to other considerations.
We note that in the trusts he created for his grandchildren the decedent provided whenever the trustees determined the income of the beneficiary from all sources known to them was not sufficient for such beneficiary’s “ * * * reasonable support, comfort and education” the trustees could pay to the beneficiary so much of the corpus as the trustees determined to be required for these purposes. And in the trust he created for his wife the decedent provided for invasion of the corpus in the event the same should become necessary to maintain her standard of living. The trust now before us does not contain such provisions. Here, as we have pointed out, other than income from the trust the only payments permitted by the trust are for expenses incurred through illness, surgical operation or emergencies affecting the beneficiary’s health and there are no such expenses.
Aside from any other consideration, counsels’ argument is factually unfounded. The only circumstance not known to decedent was the beneficiary’s second marriage, which took place after the decedent’s death and which the decedent possibly could have anticipated. ' That marriage did not add greatly to the beneficiary’s financial burdens; it is quite clear he would require an invasion of the corpus to maintain his present standard of living with or without the second marriage.
Clearly, it is an invasion of the corpus, rather than a continuance of the trust, which would defeat the purposes of the trust. The value of the 3,000 shares of stock ordered transferred to plaintiff in rule by the judgment appealed from is more than half the value of the entire corpus. Invasion, simply for the purpose of permitting the beneficiary to live for a few years as he has lived in the past, a standard he can afford no longer, would render this spendthrift trust meaningless.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the co-trustees, Joseph S. Casey and Charles Bennett, and against the beneficiary, Leo E. Heymann, dismissing the latter’s motion and rule to show cause why he should not be permitted to invade the corpus of the trust; all costs to be paid by the said Leo E. Heymann.
Reversed.