299 So.2d 407 (1974)
George E. McLENDON, Jr., Plaintiff-Appellant,
v.
FIRST NATIONAL BANK OF SHREVEPORT, Defendant-Appellee.
No. 12348.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1974.
Rehearing Denied September 4, 1974.
*408 Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Joseph W. Milner, Shreveport, for defendant-appellee.
Before AYRES, BOLIN and WILLIAMS, JJ.
Rehearing en Banc. Denied September 4, 1974.
AYRES, Judge.
This action was instituted by George E. McLendon, Jr., sole beneficiary of a trust created by George Earl McLendon, Sr., and Mrs. Carrie Wainwright McLendon and administered by the First National Bank of Shreveport as trustee. Plaintiff seeks a revocation or termination of the trust or, alternatively, the compulsory resignation of the bank as trustee.
The basis upon which the revocation or termination of the trust is sought is that the surviving settlor, Carrie Wainwright McLendon, has consented in writing to the termination of the trust agreement, and that McLendon, Jr., as beneficiary, has likewise so consented and has made demand therefor. Nevertheless, the bank, as trustee, allegedly withholds its consent, which action, plaintiff charges, is arbitrary. In addition to his demand for the termination of the trust, plaintiff alleges that defendant's refusal to consent thereto was capricious and without probable cause. Accordingly, plaintiff seeks to recover damages from the defendant.
To plaintiff's action, the bank interposed an exception of no cause of action. This exception was sustained for the reason that upon a termination of the trust on a date earlier than that provided in the trust agreement, the unanimous consent of all the parties at interest, that is, the two settlors of the trust, the beneficiary, and the trustee, was necessary. From the judgment of the dismisssal of his suit, plaintiff appealed.
The primary question presented by this appeal is whether the consent of the survivor of the two settlors and the beneficiary constitute sufficient authority for the court's termination of the trust. Stated differently, the question is whether or not it is necessary, under the trust agreement and the law under which the trust was created, that the trustee consent to the trust's termination.
As reflected by the allegations of plaintiff's petition, George Earl McLendon, Sr., and his wife, Carrie Wainwright Mc-Lendon, as settlors, created, under date of June 6, 1955, an inter vivos spendthrift trust for the support of plaintiff-appellant as beneficiary. By a subsequent amendment dated March 20, 1956, the bank was appointed to administer the trust as trustee, succeeding two previously named individuals who had resigned from their positions of trust contemporaneously therewith. The trust, by its terms, stipulated that it was to endure for the beneficiary's lifetime. The trust originally had a term of 50 years but, by amendment, the term was changed to coincide with the life span of the beneficiary. Provision was made, however, for an earlier termination upon the unanimous consent of all the parties at interest; namely, the settlors, the beneficiary, and the trustee. The language employed in the agreement recited:
"This trust may be terminated or modified in whole or in part or as to any of its provisions with the consent of the SETTLOR, TRUSTEE and BENEFICIARY *409 only, except that the SETTLOR shall never acquire any rights to the income or corpus of the trust property."
It may be noted that the authorization to the bank as trustee to consent to or oppose termination was given without any restriction imposed upon the bank in the exercise of that power. Nor does appellant's position allege any such restriction.
George Earl McLendon, Sr., one of the settlors, is alleged to have died on September 1, 1971. It is not alleged, however, that during his lifetime he consented to the termination of the trust which, at the time of his death, had been administered by the trustee for a period in excess of 15 years. After McLendon, Sr.'s death, the beneficiary obtained the consent of the surviving settlor and, on the basis of her consent and that of his own, now seeks the court's assistance in terminating the trust without the consent of the bank as trustee.
Under the Louisiana Trust Estates Act, formerly LSA-R.S. 9:1791-9:2212, pursuant to which the trust herein concerned was created and by which its substantive provisions are governed, a trust cannot be terminated by consent, even with the unanimous consent of all parties at interest, that is, the settlors, the beneficiary, and the trustee, unless otherwise provided for by the terms of the trust agreement. For instance, the Louisiana Trust Code, LSA-R.S. 9:2252, provides:
"Trusts heretofore created and any provisions or dispositions therein made shall be governed by the laws in effect at the time of their creation. Unless otherwise provided in the trust instrument, trusts created prior to the effective date of this Code shall be governed in all administrative and procedural matters by the provisions of this Code and not by laws in effect at the time of creation of such trusts, and trusts created prior to the adoption of any amendment to this Code shall be governed in administrative and procedural matters by the provisions of the amendment."
See, also: Succession of Simms, 250 La. 177, 195 So.2d 114, 130 (1965); Succession of Walters, 202 So.2d 410, 413 (La. App., 4th Cir., 1967).
The Trust Estates Law, however, provided:
"A trust may be rescinded or reformed upon the same grounds as those upon which a conveyance of immovables can be rescinded or reformed."
LSA-R.S. 9:2173.
Or:
"If the purposes for which a trust is created become impossible of accomplishment or illegal, the trust shall be terminated."
LSA-R.S. 9:2174.
Or:
"If owing to circumstances not known to the settlor and not anticipated by him, the continuance of the trust would defeat or substantially impair the accomplishment of the purposes of the trust, the proper court shall direct or permit the termination of the trust, in whole or in part."
LSA-R.S. 9:2175.
None of these conditions have been alleged to exist. Pertinent here, however, are the provisions of LSA-R.S. 9:2176 which recite that:
"Unless otherwise provided by the terms of the trust, and except as stated in R.S. 9:2173, 9:2174, and 9:2175 [this Appendix], the trust shall not be terminated although the settlor and the trustee and the beneficiary so desire and consent thereto."
*410 In this connection, it appears appropriate to point out that the trust agreement provides:
"This trust may be terminated or modified in whole or in part or as to any of its provisions with the consent of the SETTLOR, TRUSTEE and BENEFICIARY only, except that the SETTLOR shall never acquire any rights to the income or corpus of the trust property."
The concept of trust indestructibility is inherent in our Louisiana Trust Law. In a comment with reference to the Trust Estates Act, with which we are herein primarily concerned, it is recited in 1 La. L.Rev. 774, 778:
"The Act upholds the doctrine that a valid trust, once it is created, should run the precise course and the full course which its settlor has charted in its terms. Deviations can be ordered only by the court and then only the better to carry out the purposes of the trust. The order to turn back or to abandon the trust can be given only by the court and then only for the most compelling reasons. Specifically, the parties at interest are forbidden to break up the trust in violation of its terms by consent between or among themselves. This salutary rule against premature destruction of the trust is deeply grounded in doctrine and in reasons of public policy which have no place in this discussion. It should be remembered that the settlor `writes his own ticket' with respect to revocation and modification; that he himself sets the date of termination; that if he wishes to give the beneficiary or the trustee, or both of them acting together, the right to bring the trust to an earlier end he is free to do so; . . . ."
This concept of indestructibility has been carried over into the new trust code. In an article entitled "Some Interesting Features of the Proposed Trust Code," in 24 La.L.Rev. 712, it is commented:

"Under the proposed trust code, as under the present Trust Estates Law, a trust would not be terminable at the will of all the parties at interestsettlors, beneficiaries, and trusteesunless the trust instrument reserved a power of revocation. This stringent provision against terminability is contrary to the laws of most other states, which permit the settlor and all the beneficiaries to terminate the trust, even in the face of active opposition by the trustee, proceeding on the theory that a trustee has no such interest in the trust as to entitle him to oppose termination." (Emphasis supplied.)
The settlors, in creating the present trust, invoked that provision of the Trust Estates Act which permits termination if the right of revocation is expressly reserved. However, in so doing, they expressly conditioned the exercise of that right upon unanimity of consent of all the parties at interest, that is, of the trustee as well as the settlors and the beneficiary. For whatever reason the settlors may have had in preventing the termination of the trust without the consent of the trustee, whether to provide and secure support for the son free from his own improvidence and claims of creditors, the trust agreement is clear and unambiguous that the consent of the trustee be given as a condition precedent to the trust's termination.
It was observed in Harriss v. Concordia Bank & Trust Company, 265 So.2d 330 (La.App., 3d Cir., 1972), that a trust established for a beneficiary's lifetime manifests an anticipation on the part of the settlor that the beneficiary might experience financial difficulty. In dismissing a beneficiary's action against a trustee for termination of a trust, the court also noted that the termination of the trust established for the beneficiary's support and maintenance would patently defeat its purpose.
Obviously, such was the purpose of the settlors in this case. The provisions contained in the trust agreement evidenced the settlors' intention to provide support for the son. This intent could be completely *411 defeated if the beneficiary could, on his own and sole initiative, have the trust terminated. The common-law authorities cited and relied upon by plaintiff are inapplicable. However, even under common-law trust principles where the settlor of a trust has reserved the right to revoke the trust only with the consent of the trustee, the trustee's consent is essential. Restatement of the Law of Trusts 2d, Sections 330, 330(1), and 331.
In brief, plaintiff asserts that serious disagreements and personality conflicts have developed between him and the trustee; that the trustee's actions have been arbitrary in dealing with the trust. There are no factual allegations to support these charges. It is not alleged that owing to circumstances not known to the settlor George Earl McLendon, Sr., and not anticipated by him, the continuance of the trust unchanged would defeat or substantially impair its purpose, or that the purpose for which the trust was created had become impossible of accomplishment or illegal. Nor did appellant allege, in his petition, that the trustee should be ordered to resign and that a new trustee be appointed because of any serious personality conflict between himself and the trustee.
No reason whatever was alleged for this alternative request that the bank be required to resign from its position of trust.
It is an elementary principle of law that only the allegations of a petition may be considered in connection with an exception of no cause of action, except in actions where evidence has been introduced which has the effect of enlarging the allegations of the pleadings.
For the reasons assigned, we conclude that plaintiff's petition neither states nor discloses a cause of action with respect to any phase of his demands.
The judgment appealed is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.