408 So.2d 1209 (1981)
William G. RICHARDS, et al.
v.
Horace V. RICHARDS.
Mrs. Loretto Richards O'REILLY
v.
Horace V. RICHARDS.
No. 80-C-2559.
Supreme Court of Louisiana.
May 18, 1981.
On Rehearing January 25, 1982.
Andrew L. Gates, III, of Gordon, Arata & McCollam, New Orleans, for defendant-relator.
Thomas B. Lemann of Monroe & Lemann, Howard J. Smith of Doyle, Smith & Doyle, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
On December 26, 1941, Ernest V. Richards, Jr., established nine separate trusts, one for each of his children, by nine separate acts of donation which were identical in form. Plaintiffs, William G. Richards, Julian S. Richards and Mrs. Loretto Richards O'Reilly, each a beneficiary of one of these trusts, and John J. Richards, a co-trustee *1210 of these three trusts, filed actions to have their brother, Horace V. Richards, removed as a trustee of these three trusts pursuant to La.R.S. 9:1789.[1]
The district court rendered judgment in favor of defendant and against plaintiffs dismissing their suits with prejudice. Plaintiffs appealed. Subsequent to oral argument on appeal, the clerk of court for the court of appeal informed counsel for defendant by letter that the court's preliminary view was that the three trusts involved in the litigation had terminated. Defense counsel replied by letter advising the court that he was willing to acquiesce in the court's view that the trusts had terminated by operation of law. The court of appeal rendered the following judgment:
Because defendant trustee concedes that the trust and his trusteeship have expired, the questions presented by this suit are moot. This appeal is therefore dismissed.
After reviewing the decision of the court of appeal, defendant became concerned as to whether the trusts had actually legally terminated and, if so, whether the six other trusts created by his father had also terminated. The latter question was of particular interest to defendant as he was the beneficiary of one of the trusts not involved in this litigation. Accordingly, he filed an application for rehearing requesting that the court (1) not decide at this time whether the trusts had terminated; or in the alternative (2) expand its reasons for its decision; or in the further alternative (3) remand the case to the trial court with the specific instructions that defendant be allowed to file a reconventional demand to allege specifically that the three trusts subject to this litigation as well as the trust created for the benefit of defendant had expired. The court of appeal refused rehearing but did expand on its reasons for dismissing the action as moot.[2] On defendant's application, we granted certiorari to review the correctness of that judgment.[3]
Plaintiffs first contend that defendant should not be allowed to attack the judgment rendered by the court of appeal terminating the trusts as the judgment was rendered in reliance on his acquiescence. In particular, plaintiffs urge that (1) defendant is estopped from revoking his "judicial confession" that the trusts had terminated because plaintiffs and the court of appeal relied upon it; (2) defendant was granted the relief requested by him when the court ruled that the trusts had terminated after his acquiescence of the termination, and thus is not entitled to an appeal; (3) defense counsel's letter signified his consent to the court's preliminary view that the trusts had terminated, and thus the decision rendered by the court was a consent judgment binding on all of the consenting parties and thus is not appealable; and (4) defendant should not be permitted to repudiate his consent to the dismissal which was relied upon by plaintiffs in giving their consent to the dismissal.
We need not address any of these contentions as defendant did not have the power or authority to terminate any of the trusts. The concept of trust indestructibility is inherent in our Louisiana trust law. McLendon v. First National Bank of Shreveport, 299 So.2d 407 (La.App. 2d Cir. 1974). This is evidenced by La.R.S. 9:2028 which states:
The consent of all settlors, trustees, and beneficiaries shall not be effective to terminate the trust or any disposition in trust, unless the trust instrument provides otherwise.
In the instant case, the trust instrument does not provide for termination by consent of any or all of the parties. Therefore, defense counsel's letter acquiescing in the termination of the trusts had no effect. Furthermore, he had no authority to terminate *1211 the trusts as La.R.S. 9:2111 provides that
a trustee shall exercise only those powers conferred upon him by the provisions of the trust instrument or necessary or appropriate to carry out the purposes of the trust and are not forbidden by the provisions of the trust instrument.
The sole issue for our determination is whether the court of appeal erred in finding that the trusts had terminated.[4] Each of the acts of donation creating the trusts contain the following provision:
The legal title to all the trust estate shall be vested in the Trustees, and their successors, as Trustees, to be held by them in trust pursuant to the laws of the State of Louisiana, and particularly the Trust Estates Act, as same may from time-to-time be amended, for the maximum allowable period.
It is clear from this provision that the settlor-donor desired the trusts to exist for the maximum allowable period of time as provided for under Louisiana trust law as would from time-to-time be amended.
In ruling that the trusts had terminated, the court of appeal relied on La.R.S. 9:2252 (savings clause) which provides in pertinent part:
Trusts heretofore created and any provisions or dispositions therein made shall be governed by the laws in effect at the time of their creation.
Following this statute, the court applied the trust law regarding term of trusts that was in effect in 1941, the year the trusts were created. Section 4 of Louisiana Acts 1938, No. 81, provided in pertinent part:
Unless an earlier termination is required by the trust instrument or by the proper court, every inter vivos or testamentary trust created under this Act shall terminate at the expiration of ten years from the settlor's death as to a beneficiary which is not a natural person, at the expiration of ten years from the settlor's death as to a beneficiary who is a natural person and of full age at the settlor's death, and at the expiration of ten years from the beneficiary's majority as to a beneficiary who is a natural person and a minor at the settlor's death.
The court ruled that since Ernest V. Richards, Jr., the settlor, died in 1960, the trusts "expired either in 1970, ten years from the settlor's death, or no later than 1973, which is at least ten years from the [majority] of any beneficiary alive or conceived in 1941."
In reaching this result, the court of appeal ignored the settlor's intent and misapplied the savings clause of La.R.S. 9:2252. In construing a trust, the settlor's intention controls and is to be ascertained and given effect, unless opposed to law or public policy. Lelong v. Succession of Lelong, 164 So.2d 671 (La.App. 3d Cir. 1964). It was the settlor's intent that the trusts in question exist for the maximum allowable period of time as provided for under Louisiana trust law as would from time-to-time be amended. We know of no public policy or law that would prohibit a trust from containing such a condition.
The 1952 Comments to La.R.S. 9:2252 state that the purpose of the savings clause is to assure the validity of trusts heretofore created. The court of appeal misapplied this clause and reached a result that held invalid a provision desired by the settlor. While correct in its conclusion that the trust law in effect in 1941 should be used in interpreting the trust, the court erred when *1212 it applied the 1938 trust law in determining the actual term of the trusts. Each trust specified that the term would be for the maximum allowable period as may from time-to-time be amended, not the maximum allowable period in effect at the time the trusts were created. We are of the opinion that the laws in effect at the time of creation should be used to determine the validity of the provision that states that the term shall be for the maximum allowable period as may from time-to-time be amended, but not to determine the actual term of the trusts. We can find nothing in the laws in effect at the time the trusts were created that would prohibit the term provision contained in the instant trusts. Therefore, we conclude that the term provision should be given full effect in accordance with the settlor's clear intent. Because the provision states that the term is to be for the maximum allowable period as may from time-to-time be amended, the actual term of the trusts should be the maximum allowable period under current law.
La.R.S. 9:1831 states in pertinent part:
If the trust instrument stipulates a term and, unless an earlier termination is required by the trust instrument, or by the proper court, a trust shall terminate at:
(1) the death of the last surviving income beneficiary or the expiration of twenty years from the death of the settlor last to die, whichever last occurs, if at least one settlor and one income beneficiary are natural persons; ...
The 1968 Comments to the statute provide that a "statement in the trust instrument that the term of the trust is the maximum allowable term, is a stipulation of a term." La.R.S. 9:1831(1) is applicable to the trusts in question because the settlor was and the income beneficiaries are natural persons and because the instruments state that the term is for the "maximum allowable period." Therefore, the trusts have not terminated and will not terminate until the death of their respective income beneficiaries. The court of appeal erred in holding otherwise. Hence, we must reverse.
Since the court of appeal found that the trusts had terminated, it did not reach the question upon which plaintiffs had taken an appeal, that is, whether the trial judge erred in refusing to remove defendant as a trustee from the three trusts in question pursuant to La.R.S. 9:1789. We deem it more appropriate to remand the case to the court of appeal to render a decision on this issue.

DECREE
For the reasons assigned, the judgment of the court of appeal dismissing plaintiffs' appeal as moot and finding the trusts in question to have terminated by operation of law is reversed and the case is remanded to that court for a determination of whether the trial court erred in dismissing plaintiffs' action to have defendant removed as a trustee.
DENNIS, J., concurs with reasons.
WATSON, J., dissents and assigns reasons.
LEMMON, J., dissents and will assign reasons.
WATSON, Justice, dissenting.
The opinion of the Court of Appeal is correct. The terms of these trusts was "the maximum allowable period" at the time they were established in December of 1941. It is not clear from the language that the preceding phrase, referring to future amendment of the Trust Estates Act, also applies to the period for which the trusts were established. Even if intended to do so, that phrase could not extend the term. Under LSA-R.S. 9:2252,[1] amendments to the Trust Code govern prior trusts in administrative and procedural matters but cannot affect vested rights. These beneficiaries *1213 had a vested right to termination of the trusts at the end of the maximum time authorized by law at the time of their creation. I respectfully dissent from the holding that the terms of the trusts should be the maximum period under current law.

ON REHEARING
DENNIS, Justice.
After a rehearing, we conclude that our original opinion is correct for the reasons assigned in this court's first opinion. Plaintiffs' forceful written and oral arguments press us, however, for a further explanation of why the clause establishing the term of the Richards trusts was not prohibited by Section 4, Act No. 81 of 1938.
The clause in question states:
The legal title to all the trust estate shall be vested in the Trustees, and their successors, as Trustees, to be held by them in trust pursuant to the laws of the State of Louisiana, and particularly the Trust Estates Act, as same may from time-to-time be amended, for the maximum allowable period.
La.R.S. 9:2252 declares that trusts "shall be governed by the laws in effect at the time of their creation." When the Richards trusts were created in 1941, the trust law in effect was Act 81 of 1938. Section 4 of that act provided:
Unless an earlier termination is required by the trust instrument or by the proper court, every inter vivos or testamentary trust created under this Act shall terminate at the expiration of ten years from the settlor's death as to a beneficiary which is not a natural person, at the expiration of ten years from the settlor's death as to a beneficiary who is a natural person and of full age at the settlor's death, and at the expiration of ten years from the beneficiary's majority as to a beneficiary who is a natural person and a minor at the settlor's death. If the terms of the trust purport to require a period of duration as to any beneficiary longer than the maximum allowable period set forth in the preceding sentence, but the trust is otherwise valid under this Act, the trust shall be enforced as to such beneficiary for the maximum allowable period and shall then be terminated.
The policy of our state toward express private trusts is clearly established by the trust code. La.R.S. 9:1721 et seq.; La.C.C. art. 17. A trust or a disposition in trust may be made subject to any condition not forbidden by the trust code and not against public order or good morals. La.R.S. 9:1736. The provisions of the trust code shall be accorded a liberal construction in favor of freedom of disposition. La.R.S. 9:1724. The code is considered to sanction a disposition in trust if its text expressly or impliedly authorizes the disposition. La. R.S. 9:1724, comment (c). In construing a trust, the settlor's intention controls and is to be ascertained and given effect, unless opposed to law or public policy. See La. R.S. 9:1736, commentsProfessor Leonard Oppenheim. These rules of interpretation are substantially the same as those employed by our courts in litigation concerning trusts created under the Louisiana trusts estates law, Act 81 of 1938. See Lelong v. Succession of Lelong, 164 So.2d 671 (La. App. 3d Cir. 1964).
According a liberal construction to Section 4 in favor of freedom of disposition, we conclude that it does not prohibit the conditional term provision of the Richards trusts. A careful reading of Section 4 reflects that it defines the maximum allowable period, and provides that, if a trust instrument establishes a longer term, it shall be enforced only for the "maximum allowable period." The Richards trusts' conditional term provision does not establish a term longer than the maximum allowable period; it only seeks to make the trusts truly coterminous with the maximum allowable period. A condition which does not establish an excessive term but merely provides for a term modification contingent *1214 upon and in accordance with new legislation is not expressly prohibited. Furthermore, Section 4 does not expressly deny to trusts created under it the benefit of subsequent changes in the definition of "maximum allowable period." Since the Richards trusts' clause was not expressly forbidden, and a liberal construction in favor of the settlor's intention and freedom of disposition prevents our finding it implicitly barred, the intention of the settlor will be carried out and the clause will be rendered operative and effective.
For the reasons assigned, our original decree is reinstated.
CALOGERO, J., dissents for reasons assigned by WATSON, J., on original hearing.
WATSON, J., dissents.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The settlor of the 1941 trust arguably attempted to incorporate future changes in the law pertaining to the maximum allowable period of duration. The principal issue is whether that attempt was successful under the subsequently adopted Louisiana Trust Code.
R.S. 9:2252, the savings clause, provides that substantive matters in previously created trusts are to be governed by the laws in effect at the time of creation. Significantly, that provision of Section 2252 did not include the exception "unless otherwise provided in the trust instrument", as does the following sentence of the section pertaining to administrative and procedural matters.
I conclude that Section 2252 does not allow (and implicitly prohibits) the effectiveness of the testator's attempt to have subsequent legislation govern his 1941 trust in substantive matters.
NOTES
[1] La.R.S. 9:1789 provides:

A trustee may be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient cause shown.
[2] 388 So.2d 1186 (La.App. 4th Cir. 1980).
[3] 395 So.2d 812 (La.1980).
[4] After granting defendant's application for writs in this matter but prior to oral argument, plaintiffs' counsel filed a supplemental brief in this court advising that it had just come to their attention that there had been a 1967 proceeding in a different division of the Civil District Court for the Parish of Orleans pursuant to La.R.S. 9:2233 in which all trustees and beneficiaries of the nine trusts, including the plaintiffs and defendant in this proceeding, had petitioned the court for instructions as to whether the trusts would terminate ten years after the settlor's death or at the death of the income beneficiaries. Judge Paul P. Garofalo rendered judgment on February 9, 1968, finding that the nine trusts in question "shall terminate upon the death of the income beneficiary named in each trust instrument." Since this judgment is in accordance with the result reached herein, we need not consider the effect, if any, it might have on the present litigation.
[1] LSA-R.S. 9:2252 provides:

"Trusts heretofore created and any provisions or dispositions therein made shall be governed by the laws in effect at the time of their creation. Unless otherwise provided in the trust instrument, trusts created prior to the effective date of this Code shall be governed in all administrative and procedural matters by the provisions of this Code and not by laws in effect at the time of creation of such trusts, and trusts created prior to the adoption of any amendment to this Code shall be governed in administrative and procedural matters by the provisions of the amendment."