WILLIAMS, Judge.
This appeal arises out of a petition for declaratory judgment and motion to deposit in the registry of the court filed by First National Bank of Commerce [“FNBC” or “Trustee”], successor in interest to the Bank of New Orleans [“BNO”], Trustee of the Merlin A. Abadie Inter Vivos Trust [“Trust”]. FNBC sought an interpretation of certain Trust provisions, one of which directs the Trustee to disburse an annual $5,000 payment jointly to Alan J. Abadie and Carol L. Abadie, now Melancon, on *1293 behalf of their child, Merlin A. Abadie, as compensation for services they have rendered the child while he is living in the family home. Subsequent to the creation of the Trust, the Abadies were separated and granted a divorce with custody of Merlin awarded to Mrs. Melancon. Since the composition of the family home has been altered by their separation and divorce and the child is residing with Mrs. Melancon, the issue is whether this constitutes a change in circumstances requiring a modification of the language of the Trust instrument from that providing for a $5,000 annual payment to the parties jointly, to an allocation of the entire $5,000 payment to Mrs. Melancon based on her custody of Merlin.
Merlin Abadie was severely injured in childbirth at a United States Air Force hospital. The Trust was created July 8, 1975, by the United States Air Force as Settlor in a settlement of the claim brought by the Abadies under the Federal Tort Claims Act on behalf of their minor child, Merlin Aba-die. The Trust instrument provided inter alia for the following distributions to the Trust beneficiaries:
ARTICLE I
DUTIES OF THE TRUSTEE
1. After receipt of the assets constituting the TRUST ESTATE, TRUSTEE shall immediately make the following distributions out of the TRUST ESTATE:
***** *
b. Pay the sum of Fifty Thousand Dollars ($50,000) to the FIRST BENEFICIARY, MERLIN A. ABADIE, for his benefit, as compensation for personal injury.
c. Pay the sum of Fifty Thousand Dollars ($50,000) to the SECOND BENEFICIARY, ALAN J. ABADIE, as compensation for mental anguish.
d. Pay the sum of Fifty Thousand Dollars ($50,000) to the THIRD BENEFICIARY, CAROL L. ABADIE, as compensation for mental anguish.
2. During the term of this Trust, TRUSTEE shall make the following distributions out of the TRUST ESTATE:
a. On the first day of business of each calendar year, pay Ten Thousand Dollars ($10,000) to the FIRST BENEFICIARY as compensation for his pain, suffering, and permanent disability during the preceding calendar year.
b. On the first day of business of each calendar year, pay Five Thousand Dollars ($5,000) to the SECOND AND THIRD BENEFICIARIES, jointly, as compensation for extraordinary services they may have rendered the FIRST BENEFICIARY during the preceding calendar year because of his medical condition. The parents will not be required to show that any specific extraordinary services were in fact rendered, but will receive the annual payment so long as the FIRST BENEFICIARY lives in the family home and is not institutionalized in a custodial care center, hospital, clinic, home or other similar institution.
The Abadies were legally separated in June of 1978, and their divorce was final in January of 1980. Merlin has been residing with Mrs. Melancon since the time of separation.
Joint payments were continued by BNO after the Abadie’s separation and divorce until the administration of the Trust was transferred to FNBC through a merger with BNO on May 23,1983. Upon a review of the Trust instrument, FNBC noted an apparent conflict with Article I, paragraph 2(b), in light of the Abadie’s circumstances and filed a petition seeking a judicial interpretation and a modification of the Trust instrument.
The trial court rendered judgment “directing the Trustee to pay the $5,000 allowance entirely to Mrs. Melancon providing the other Trust conditions were satisfied.” The court reasoned that paragraph 2(b) was “intended as compensation for the parental service,” and since the care of Merlin had been borne by Mrs. Melancon, the entire payment was to be allocated to her for this purpose.
*1294 The Trustee brought its petition in accordance with La.R.S. 9:2026, 9:2064 and 9:2233 on the grounds that the provisions in paragraph 2(b) requiring an annual $5,000 joint payment to the Abadies for “extraordinary services they rendered the child” so long as the child “lives in the family home” could not be carried out as originally written because there exists two family homes.
Mr. Abadie maintains that the $5,000 annual payment is compensation for “continuing pain and suffering” as contemplated by the parties in the settlement.[1] He argues that since the Trust was created as a result of a tort settlement, then the collective intent of all the parties, not the settlor’s sole intent, should be ascertained and weighed equally in interpreting the Trust.
Louisiana Trust Code Articles 2026 and 2064 grant a court of proper jurisdiction broad powers to modify the provisions of a Trust instrument upon a showing that:
Sec. 2026. Change of Circumstances
The proper court may order the termination or modification of a trust, in whole or in part, if, owing to circumstances not known to a settlor and not anticipated by him, the continuance of the trust unchanged would defeat or substantially impair the purposes of the . trust.
Sec. 2064. Judicial permission or direction to deviate from administrative provisions of trust instrument.
The proper court may direct or permit a trustee to deviate from a provision of the trust instrument concerning the administration of the trust if, because of circumstances not known to the settlor and not anticipated by him, compliance would defeat or substantially impair the purposes of the trust.
The modification or deviation from the terms of the trust or trust provisions depends upon an analysis of four essential elements: (1) what is the purpose(s) of the trust; (2) what are the change of circumstances, if any; (3) whether the result of the change of circumstances was anticipated by the settlor; and (4) whether the change of circumstances not anticipated by the settlor defeats or substantially impairs the purposes of the trust. La.R.S. 9:2026; 9:2064; DeLaVergne v. St. Paul, 216 La. 92, 43 So.2d 229 (1949); Succession of Heymann, 240 So.2d 905 (La.App. 4th Cir.1970), writ den. 257 La. 459, 242 So.2d 578 (1971); Harriss v. Concordia Bank and Trust Company, 265 So.2d 330 (La.App. 3d Cir.1972); LeLong v. Succession of LeLong, 164 So.2d 671 (La.App. 3d Cir.1964); Oppenheim, Ingram, Trusts, Louisiana Civil Law Treatise, Vol. 10 Sec. 295 (1977).
In construing a trust, the settlor’s intention controls and is to be ascertained and given effect, unless opposed to law or public policy. Richards v. Richards, 408 So.2d 1209 (La.1982). Parole or extrinsic evidence may be admitted to aid in construing the trust instrument only if the instrument is ambiguous and uncertain and only to explain, not contradict, the instrument. LeLong v. Succession of LeLong, supra.
Lawrence Klinger, attorney for the United States and the representative who negotiated the settlement on its behalf, was called as a witness at the trial. He testified that the United States was obligated to continue the $5,000 payments as set forth in paragraph 2(b) even though Mrs. Melan-con has sole custody of Merlin because such an arrangement is a “family home” as defined by the United States. More importantly, he testified that the provision was intended for the purpose of providing compensation to the custodial parents for “extraordinary services necessitated by the injuries to the child.” When questioned whether this compensation represented compensation for continuing mental anguish, he replied “absolutely not” because the Abadies had been previously compensated for these damages by an up-front payment in the sum of $50,000 to each.
*1295 In an attempt to controvert this testimony, Mr. Abadie introduced Gerald Michaud, the attorney who represented the Abadies at the settlement, who testified that he intended the $5,000 payment to represent compensation for continuing mental anguish.
The purpose of paragraph 2(b), as we read it, does not appear to be vague or ambiguous requiring extrinsic evidence to aid in its interpretation. It is clear that the settlor’s intent as embodied in the trust instrument was meant solely to compensate the custodial parent who provided for Merlin’s care. The only condition is that Merlin reside in the “family home.” The trial court could have rendered its decision without extrinsic evidence being presented. But, inasmuch as the settlor was prepared to testify and his testimony was offered solely to explain the provision, not contradict it, the trial court admitted his testimony. Accordingly, we find the purpose of paragraph 2(b) is to provide compensation to the custodial parent.
The Abadie’s circumstances have clearly changed since the inception of the Trust. In determining whether the change of circumstances was anticipated by the settlor, we find that the instrument refers only to the Abadie’s situation as it existed at the time the Trust was created — -joint payments to the couple residing jointly in the family home. The absence of any provision in the Trust providing for the contingency that the Abadies would separate and divorce, resulting in the existence of two family homes, with Mrs. Abadie rendering the custodial care, is sufficient proof of an unanticipated change of circumstances.
Finally, we have determined that the present scheme of the joint payments defeats the purposes of the Trust. The testimony contained in the record reveals that Mr. Abadie has had little or no contact with Merlin since the time of the separation. Since the very purpose of the Trust is to compensate a custodial parent who has rendered extraordinary services, to allow Mr. Abadie who does not have custody or joint custody to continue to receive a $2,500 payment would defeat the very purpose of paragraph 2(b). Accordingly, Mrs. Melancon has satisfied the requirements of 9:2026 and 9:2064 and the decision of the trial court directing the Trustee to pay the $5,000 allowance entirely to Mrs. Abadie provided that all other conditions are satisfied is affirmed.
For the reasons assigned, the judgment is affirmed. All costs of this appeal to be borne by appellant.
AFFIRMED.

. Mr. Abadie also filed a rule to remove FNBC as Trustee which was denied by the trial court. Since the correctness of the trial court’s decision was not raised by Mr. Abadie in either his brief or in oral argument, we consider the issue abandoned.