JiDOUCET, Chief Judge.
This appeal concerns the ability of the settlor of trust property to include in the trust document a provision in anticipation of an amendment to the trust-law.
On October 1, 1963, Esther Florence Whinery Goodrich created an irrevocable inter vivos trust for her son and four then-existing grandchildren. The trust was called the Hugh Goodrich Family Louisiana Trust (the Trust). At the time the Trust Estates Law limited the beneficiaries of trusts to persons in existence at the time of the creation of the trusts. Thomas E. Berry was named trustee. Mrs. Goodrich named her son, Hugh Goodrich, income beneficiary. She named the four then-living grandchildren, Raymond, David, Lucy and Hart, as principal beneficiaries. However, she included in the trust document a provision that, if Louisiana Law were changed in the future to allow class trusts, the principal beneficiaries of the trust were to be a class comprised of Raymond, David, Lucy and Hart, plus any other children bom to or adopted by her son Hugh Robert Goodrich.
Lin 1964, the Louisiana Trust Code was enacted and the Louisiana Trust Estate Law was repealed. The Trust Code, then and now, allows a class to be named as beneficiary of a trust, even if all members of the class are not in existence at the time of the creation of the trust. Later, another child was bom to Hugh Goodrich.
David Goodrich, one of the four grandchildren living at the time the trust was created *1185 and a Texas domiciliary, died in August 1992. An ancillary succession was opened in Iberia Parish, Louisiana, the location of the major assets of the trust. In August 1995, the succession administrator and the trustee filed a “Joint Petition for Instructions and Declaration of Rights.” They seek thereby to resolve the validity of the class trust provision in order to determine whether David Goodrich’s estate includes a one-fourth or one-fifth interest in the principal of the trust.
At the trial level, the trustee asserted the validity of the class trust provision. The administrator argued that the class provision is invalid because such provisions were prohibited at the time the trust was formed. After hearing arguments from both sides, the trial judge upheld the validity of the class provision of the trust. Hart Goodrich appeals in his capacity as the administrator of the Estate of David Goodrich. On appeal, he argues that the conversion of the trust constituted a prohibited substitution and divested the beneficiaries of vested rights.
After reviewing the statutes and jurisprudence concerning trusts, we cannot agree that the disputed provision of the trust either contains a prohibited substitution or deprives the original beneficiaries of vested rights.
Prior to 1968, trusts in Louisiana were governed by the Trust Estates Law. The law as it then existed did not allow class trusts. That is, all beneficiaries of a trust had to be in existence at the time of the creation of the trust. A settlor could not name as beneficiaries of a trust a class of individuals, such as grandchildren, some of whom |gwere not yet born. In 1964, the Trust Estates Law was repealed. It was replaced with the Trust Code. The Trust Code provides for the creation of class trusts at La.R.S. 9:1891.
The appellant argues that the savings clause of the Trust Code, La.R.S. 9:2252, requires that Trust Estates Law be applied. In this case, the appellant argues that this would disallow beneficiaries not in existence at the time of the creation of the trust. In 1964, La.R.S. 9:2252 was enacted, as follows:
Trusts heretofore created and any provisions or dispositions therein made shall be governed by the laws in effect at the time of their creation, except that any provision or disposition therein made shall be valid if it is otherwise permitted or authorized by this Code.
In 1968, La.R.S. 9:2252 was amended to read:
Trusts heretofore created and any provisions or dispositions therein made shall be governed by the laws in effect at the time of their creation. Unless otherwise provided in the trust instrument, trusts created prior to the effective date of this Code shall be governed in all administrative and procedural matters by the provisions of this Code and not by laws in effect at the time of creation of such trusts, and trusts created prior to the adoption of any amendment to this Code shall be governed in administrative and procedural matters by the provisions of the amendment.
We find the situation here to be analogous to that in Richards v. Richards, 408 So.2d 1209 (La.1982) wherein the supreme court held that it would be a misapplication of the savings clause to apply it so as to disallow a provision allowing a change in the term of the trustee if the law on that point were amended. Here too, it would be a misapplication of the savings clause to interpret it as the appellant argues. It is well established that a trust is to be construed so as to give effect to the settlor’s intent wherever possible.
The policy of our state toward express private trusts is clearly established by the trust code. La.R.S. 9:1721 et seq.; La. C.C. art. 17. A trust or a disposition in trust may be made Usubject to any condition not forbidden by the trust code and not against public order or good morals. La.R.S. 9:1736. The provisions of the trust code shall be accorded a liberal construction in favor of freedom of disposition. La.R.S. 9:1724. The code is considered to sanction a disposition in trust if its text expressly or impliedly authorizes the disposition. La.R.S. 9:1724, comment (c). In construing a trust, the settlor’s intention controls and is to be ascertained and given effect, unless opposed to law or public policy. See La.R.S. 9:1736, eomments-Pro-fessor Leonard Oppenheim. These rules *1186 of interpretation are substantially the same as those employed by our courts in litigation concerning trusts created under the Louisiana trusts estates law, Act 81 of 1938. See Lelong v. Succession of Lelong, 164 So.2d 671 (La.App. 3d Cir.1964).
Id. at 1213. (Emphasis added.)
The Trust Estates Law at La.R.S. 9:1841 stated that: “The settlor shall have the right to create the trust subject to any condition not herein denied him.” We find nothing in the Trust Estates Law denies the settlor the right to include a condition providing for a class trust contingent on a change in the law with regard to class trusts. Such a provision is “not expressly forbidden and a liberal construction in favor of the intent of the settlor’s intention ... prevents our finding it implicitly barred-” Richards, 408 So.2d at 1214. Therefore, we conclude that the class provision must be given full effect in accordance with the settlor’s clear intent.[1]
As a result, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.

. There is nothing of record to indicate that Mrs. Goodrich was not alive at the time of the enactment of the Trust Code. Therefore, we need not consider whether the condition could take effect after the death of the settlor.