JgLeBLANC, J.
By this appeal we review the district court’s judgment in favor of the income beneficiary, Catherine Elizabeth Atkinson West (Catherine), of the Clifford Trust established by Dr. and Mrs. James Atkinson. Catherine is the daughter of Walter, the Atkinson’s son, and Betty Higdon. In 1978, Dr. and Mrs. Atkinson established a Clifford Trust and named three income beneficiaries: their two grandchildren, Catherine and Elizabeth,[1] and their unmarried son, William. The Atkinsons were both settlors and named trustees of the Clifford Trust.[2] The Trust was “absolutely irrevocable” and the Atkinsons retained “no right to alter, amend, or revoke” the trust.[3] After the trust was established, Catherine’s parents divorced, and Catherine was subsequently adopted by her mother’s second husband.
After Catherine’s adoption, the Atkin-sons petitioned for modification of the trust. In 1981, by court order, the Clifford Trust was modified, removing Catherine as a beneficiary. Catherine turned 18 years old on December 8, 1995, and on November 14, 1996, she filed suit against the Atkinsons. Catherine sought damages in the amount she would have received as an income beneficiary if the Atkinsons had not modified the trust.
After a trial, the district court held in favor of Catherine. In extensive, well-written reasons, the district court found the trust was created solely for the benefit of Catherine, Elizabeth, and William; the Atkinsons had knowledge of the eventual breakup of Walter and Betty’s marriage; the trust was irrevocable; and Catherine’s action had not prescribed. The district court awarded Catherine the principal amount of $17,216.66, plus legal interest. From this judgment, the Atkinsons have appealed.
At the time the Atkinsons established the Clifford Trust, Louisiana Trust Code Article 2026, found in Title 9 of the revised statutes, provided:
| oThe proper court may order the termination or modification of a trust, in whole or in part, if, owing to circumstances not known to a settlor and not anticipated by him, the continuance of the trust unchanged would defeat or substantially impair the purposes of the trust.
The modification or deviation from the terms of the trust or trust provisions depends upon an analysis of four essential elements: (1) what is the purpose(s) of the trust; (2) what are the change of circumstances, if any; (3) whether the result of the change of circumstances was anticipated by the settlor; and (4) whether the change of circumstances not anticipated by the settlor defeats or substantially impairs the purposes of the trust. In re Merlin A. Abadie Inter Vivos Trust, 483 So.2d 1292, 1294 (La.App. 4 Cir.1986). In construing a trust, the set-tlor’s intention controls and is to be ascertained and given effect, unless opposed to law or public policy. Parol or extrinsic evidence may be admitted to aid in construing the trust instrument only if the instrument is ambiguous and uncertain and only to explain, not contradict the instrument. Id.
The Atkinsons assert the district court erred in sustaining an objection by Catherine to parole evidence offered by Dr. Atkinson concerning the purpose of the trust. *777 We find no error. The district court found the trust was created by the Atkinsons for the sole benefit of their grandchildren and unmarried son. Our review of the trust instrument establishes that by the terms of the trust instrument itself, the Atkin-sons’ intent was to benefit Catherine as an income beneficiary. Parol evidence is only proper to aid in construction of a trust instrument, and in this instance, the terms of the trust instrument were not ambiguous or uncertain. This assignment has no merit. '
The Atkinsons also assert the district court erred in its findings of facts. On review, a court of appeal may not set aside a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id. We find no error with the district court’s findings of fact. The record contains a reasonable factual basis for the findings and the findings are not clearly wrong. See Stobart, 617 So.2d at 882. These assignments have no merit.
Lastly, the district court was correct in holding Catherine’s claim had not prescribed. Louisiana Revised Statute 9:2234, prior to its 1999 amendment, provided:
An action by á beneficiary against a trustee is prescribed by one year, to begin from the day the trustee renders his final account to the beneficiary. If a beneficiary is a minor when a trustee’s final account is rendered, the prescriptive period of one year beings to run from the day he reaches the age of eighteen years.
The Atkinsons, as trustees, were obligated to administer the trust in accordance with the settlor’s intention and solely in the interest of the beneficiaries. See La. R.S. 9:2082. Catherine’s claim, based on the Atkinsons’ breach of their duty as trustees, was brought within one year of Catherine’s eighteenth birthday. Simply because the Atkinsons were both settlors and trustees does not exonerate them. There is no merit to these assignments.
For the above reasons, the judgment of the district court is affirmed. The Atkin-sons are to pay all costs of the appeal.
AFFIRMED.

. Elizabeth is the daughter of Dr. and Mrs. Atkinson's daughter, Katie.

. Mr. Robert B. McNabb was also named as a trustee.

.' The trust terminated by its terms on January 1, 1989.