HIGGINBOTHAM, J.
Defendant appeals from the trial court's judgment granting plaintiffs' rule for eviction, awarding damages to plaintiffs, and denying defendant's peremptory exceptions of no cause and no right of action and dilatory exceptions of unauthorized use of summary proceedings and nonjoinder of a necessary party.
FACTS AND PROCEDURAL HISTORY
On February 22, 2017, plaintiffs, Ms. Nakeya Downing and Ms. Mary Morris Ramsey Polk, filed a "Petition for Eviction of Land and for Damages" seeking an order evicting defendants, Andrea Buckhalter and Natasha McNealty, from a tract of land in Tangipahoa Parish allegedly owned by plaintiffs. Plaintiffs also sought damages caused by defendants preventing Ms. Downing from moving her trailer onto the tract of land. According to the petition, Ms. Buckhalter and Ms. McNealty both lived in trailers that were located, in part, on land owned by plaintiffs. In their petition, plaintiffs alleged ownership of the tract of land via a 2009 judgment of possession rendered in the succession proceeding of Ms. Polk's father, Mr. Riley Morris, Sr., as well as a 2011 consent judgment. Thereafter, on March 27, 2017, plaintiffs filed a "Rule and Order to Show Cause," which ordered Ms. McNealty[1] to show cause why the petition for eviction and damages should not be granted.
In response, Ms. McNealty filed several exceptions, including peremptory exceptions of no right of action and no cause of action, and dilatory exceptions of failure to join necessary parties and unauthorized use of summary proceedings. In the exceptions, she challenged the ownership of the tract of land where Ms. McNealty's trailer was located and contended that Ms. McNealty's aunt, Ms. Mary Jackson, rather than plaintiffs, had an ownership interest in the tract of land.
On June 26, 2017, Ms. McNealty's exceptions, as well as plaintiffs' rule to show cause, came before the trial court for a hearing. At the hearing, the trial court acknowledged that Ms. Buckhalter moved *818 her trailer from the tract of land at issue thereby rendering the eviction claims against her moot and stated that the court was addressing only claims against Ms. McNealty.
In a judgment signed on August 1, 2017, the trial court overruled Ms. McNealty's exceptions, granted the plaintiffs' rule for eviction, ordered Ms. McNealty to vacate the premises and remove all belongings, and awarded plaintiffs monetary damages for Ms. Downing's trailer moving expenses and for her trailer rental expenses at another location. It is from this judgment that Ms. McNealty appeals asserting that eviction was not the proper remedy because ownership and possession are in dispute, that plaintiffs failed to establish that they had a right of action to pursue eviction, that plaintiffs' eviction action failed to join necessary parties, and that damages were improperly granted in a summary proceeding.[2]
Timeliness of the appeal
Upon examination of the record, this court issued a rule ordering the parties to show cause why this appeal should not be dismissed as untimely under La. Code Civ. P. art. 4735. The show cause order was referred to this panel to consider in connection with our review of the merits of this appeal. Louisiana Code of Civil Procedure article 4735 states:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
Louisiana Code of Civil Procedure article 2087 provides that an appeal which does not suspend the effect or execution of an appealable judgment may be taken within sixty days of the date of the mailing of notice of the court's refusal to grant a timely application for a new trial, as provided by La. Code Civ. P. art. 1914. See La. Code Civ. P. art. 2087(A)(2) ; Terrebonne Parish Port Com'n v. Eagle Dry Dock & Marine Repairs, L.L.C. , 2014-0010 (La. App. 1st Cir. 7/7/15), 2015 WL 4094331, *7 (unpublished), recognizing that a devolutive appeal may be taken from a judgment in a summary eviction proceeding. See also Freemin v. Coglaiti , 411 So.2d 471, 472 (La. App. 1st Cir. 1981) (even if an appeal for an eviction judgment cannot be maintained as suspensive, it may be maintained as a devolutive appeal if the requirements of the general law for a devolutive appeal are met.) While the record reveals that Ms. McNealty's appeal was not timely filed to suspend the execution of the judgment under Article 4735, we find that the appeal was timely filed within sixty days of the denial of the motion for new trial and thus the appeal is maintained as a devolutive appeal.
LAW AND ANALYSIS
Eviction is a proper remedy for an owner of immovable property, who *819 wishes to evict a lessee or "occupant" therefrom, after the purpose of the occupancy has ceased. La. Code Civ. P. art. 4702 ; PTS Physical Therapy Service, Inc. v. Magnolia Rehabilitation Service, Inc. , 40,558, 40,599 (La. App. 2d Cir. 1/27/06), 920 So.2d 997, 999. Louisiana Code of Civil Procedure article 4702, which provides the basis for this remedy, was designed to give an owner of immovable property summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. Id. The eviction procedure may not be construed to conflict with the Louisiana Code of Civil Procedure articles relating to actions to determine possession and ownership. La. Code Civ. P. art. 4705. It is well settled that an eviction proceeding is not the appropriate remedy to determine real rights to immovable property. See Champagne v. Broussard , 401 So.2d 1060, 1064 (La. App. 3d Cir.), writ denied, 409 So.2d 615 (La. 1981). Summary eviction procedure is not appropriate to try disputed title to property but is designed for situations where the possessor has no semblance of claim to title or possession. Northeast Realty v. Jackson , 36,276 (La. App. 2d Cir. 8/14/02), 824 So.2d 1264, 1267-68. In an eviction proceeding against an occupant, the petitioner is required to make a prima facie showing of title to the property, prove that the defendant is an occupant as defined in La. Code Civ. P. art. 4704, and show that the purpose of the occupancy has ceased. R & R Land Company v. Lawson , 427 So.2d 1356, 1358 (La. App. 2d Cir. 1983).
At the hearing, plaintiffs introduced the judgment of possession referred to in their petition as evidence of their ownership of the tract of land. The judgment of possession was rendered in the succession of Riley Morris, Sr.[3] In the judgment, the property compromising the estate of Riley Morris Sr. consisted of an approximately 4.31 acre tract of land located in Tangipahoa Parish. In the judgment, Ms. Polk was put in possession of an undivided 1/5 interest in the property and Ms. Downing, Mr. Morris's granddaughter, and one of the four children of Richard Louis Morris was put into possession of an undivided 1/20 interest in the property.
Plaintiffs also introduced a consent judgment rendered after the judgment of possession wherein Ms. Polk entered into a stipulation with Ms. Jackson, which granted possession and ownership of 7/12 of the 4.31 acre tract to Ms. Jackson and all heirs of Riley Morris Sr., and Mary Bouie McNealty Morris, and granted possession and ownership of 5/12 of the 4.31 acre tract to Ms. Polk and all heirs of Riley Morris Sr., and Lilly Tate. The judgment of possession stated that Ms. Jackson's "7/12 portion of said property shall be one (1) contiguous tract of property, and shall join and abut the properties owned and/or previously owned by Geneva McNealty ... and/or occupied presently by Tasha McNealty, and said 7/12 of subject property shall abut said properties on the east boundary and on their southern boundary ... as reflected on Exhibit A."[4] Finally, plaintiffs attached a survey done by Mr. William J. Bodin in 2012, which states that the "division of land is based on the consent judgment by the 21st Judicial District Court, Parish of TA." The survey depicts Ms. McNealty's trailer as partially on the land labeled as Ms. Polk's 5/12th portion of the land.
*820 In response, Ms. McNealty introduced a second survey done by Mr. Bodin in 2016, which also stated it was "based on the consent judgment by the 21st Judicial District Court, Parish of Tangipahoa." The 2016 survey depicts Ms. McNealty's trailer as partially on the property labeled as the "Heirs of Riley Morris Sr." 7/12th portion. Additionally, Ms. Jackson, who was one of the heirs entitled to the 7/12th portion of the tract of land, testified that Ms. McNealty, who is her niece, was living on the property with her permission and had been living there since 2008.
The evidence reveals a dispute regarding who owns the property on which Ms. McNealty's trailer is located and whether plaintiffs can legally evict Ms. McNealty. Because there is a dispute regarding ownership of the land, the matter is effectively removed from a summary eviction proceeding. See Northeast Realty , 824 So.2d at 1267-68.
Louisiana Code of Civil Procedure article 2592 provides us with the exclusive list of matters that can be heard by summary process. The only enumerated ground applicable to this proceeding is the catch-all provision, "[a]ll other matters in which the law permits summary proceedings to be used." La. Code Civ. P. art. 2592(13). An eviction is one of the areas in which the law permits summary proceedings. See La. Code Civ. P. art. 4731, et seq.
However, nothing in these articles provide that damages can be recovered in a summary eviction proceeding. In Major v. Hall , 262 La. 243, 248-49, 263 So.2d 22, 24 (La. 1972), the Louisiana Supreme Court held: "Damages are not recoverable on a rule to show cause. [La. Code Civ. P.] art. 2592 does not provide for the recovery of damages in summary proceedings. Damages, in the absence of special provisions, may only be recovered Via ordinaria." (Footnote omitted.) Plaintiffs sought and were awarded damages for prohibiting Ms. Downing from accessing her property, for moving and towing expenses Ms. Downing incurred when she was denied entry onto the land, and rental fees Ms. Downing incurred as a result of not being allowed to put her trailer on the land. There are no "special provisions" allowing these types of damages to be recovered in a summary proceeding. Therefore, the grant of an eviction when ownership was at issue, as well as the award of damages were improperly rendered in a summary proceeding.[5] Accordingly we find that the trial court erred in overruling Ms. McNealty's dilatory exception raising the objection of unauthorized use of summary proceedings.
CONCLUSION
For the foregoing reasons, the trial court's August 1, 2017 judgment granting eviction and awarding damages in favor of Ms. Nakeya Downing and Ms. Mary Morris Ramsey Polk, and overruling Ms. McNealty's exception of unauthorized use of summary proceeding is reversed, and this matter is remanded to the trial court for further proceedings. Ms. McNealty's exception of unauthorized use of summary proceedings is sustained. All costs of the appeal are assessed to plaintiffs/appellees, Ms. Nakeya Downing and Ms. Mary Morris Ramsey Polk.
REVERSED AND REMANDED.
McClendon, J., concurs in the result reached by the majority.

It appears from the record that Ms. Buckhalter agreed to move her mobile home from the land at issue, and she was not named as a party in plaintiffs' rule to show cause nor did she participate in the underlying litigation.

Ms. McNealty filed a motion for new trial, which according to a minute entry entered into the record on August 31, 2017, was denied. No written judgment denying the new trial is contained in the record. However, a written judgment is unnecessary. "The denial of a motion for new trial may be made by minute entry and does not require a signed judgment." Shultz v. Shultz , 2002-2534 (La. App. 1st Cir. 11/7/03), 867 So.2d 745, 746, n.1, citing La. Code Civ. P. art. 1914 and Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc. , 32,411 (La. App. 2d Cir. 12/8/99), 748 So.2d 594, 598.

The judgment of possession was actually rendered in the "Succession of Riley Morris, Sr., Riley Morris, Jr. and Richard Louis Morris. Riley Morris, Jr. and Richard Louis Morris are two of the five heirs of Riley Morris, Sr.

Exhibit A was attached to the consent judgment, but this court was unable to decipher it.

Considering our ruling herein, we not that plaintiffs are not precluded from asserting their claims for damages on remand in an ordinary proceeding.