THE MARLIES MARGOT CERNICEK
IRREVOCABLE LIVING TRUST

VERSUS

ANNA JESTER BECNEL AND
UNAUTHORIZED OCCUPANTS

NO. 22-CA-62

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 819-068, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING


November 16, 2022


**STEPHEN J. WINDHORST
JUDGE**


Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst


**<u>AFFIRMED</u>**

**SJW
JGG
MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
THE MARLIES MARGOT CERNICEK IRREVOCABLE LIVING TRUST
    Kyle S. Sclafani

COUNSEL FOR DEFENDANT/APPELLEE,
ANNA JESTER BECNEL
    Michael A. Tusa

**WINDHORST, J.**

Appellant, The Marlies Margot Cernicek Irrevocable Living Trust, appeals the trial court's November 19, 2021 judgment denying its rule to evict appellees, Anna Jester Becnel and "unauthorized occupants," from 2320 Metairie Heights Avenue, dismissing appellant's rule with prejudice. For the reasons stated herein, the trial court's judgment denying appellant's rule to evict is affirmed.

**PROCEDURAL HISTORY and FACTS**

On December 13, 2019, Marlies Margot Cernicek executed a document captioned Louisiana Irrevocable Living Trust ("the Trust document") in which she created The Marlies Margot Cernicek Irrevocable Living Trust (appellant or "the Trust"). The Trust named Jason Paul Becnel, Mrs. Cernicek's grandson, as trustee. The Trust document purports to transfer into the Trust all of Mrs. Cernicek's property as listed on "Attachment A," including her house located at 2320 Metairie Heights Avenue ("the property"). The Trust document was recorded on March 2, 2021. On July 1, 2021, the Trust filed a rule to evict appellee/defendants, Anna Jester Becnel and Unauthorized Occupants ("appellee/Ms. Becnel"). In the rule to evict, appellant alleged that the Trust is the owner of the property. As the owner, appellant seeks possession of the property. Appellee is an occupant as defined in La. C.C.P. art. 4704 and the purpose of the occupancy has ceased. Appellant asserted that despite service of a proper notice to vacate, appellee remains in possession of the property.

At the rule to evict, the following facts were undisputed. Mrs. Cernicek is Mr. Becnel's maternal grandmother and she was the original owner of the property. Mr. Becnel testified that in 2018, he and appellee were in the process of losing their home in foreclosure. They entered into an agreement with Mrs. Cernicek to rent the property and the parties agreed to work on renovating the property for her. Mrs. Cernicek agreed to live in a nursing home temporarily until the renovations were

complete and then she would move back in the property. Mr. Becnel testified that shortly after Mrs. Cernicek moved out of the house, his marriage deteriorated, the parties eventually divorced, and appellee continued to reside in the property.

Mr. Becnel testified that he was present when Mrs. Cernicek signed the Trust document on December 13, 2019. He was designated as trustee in the Trust document and upon signing, it was his intention to (1) accept his appointment; (2) hold any property, including this property, transferred to the Trust from whatever source in trust upon the terms of the Trust; and (3) accept management of the property conveyed to the Trust in the Trust document. The Trust document was recorded on March 2, 2021, and Mrs. Cernicek passed away on March 25, 2021.[1] Mr. Becnel testified that despite providing appellee with a notice to vacate the property, he has not been allowed access to the property. He contended that there is no lease between the Trust and anyone occupying the property, including appellee, and he would like to regain possession of the property. In support of the rule to evict, counsel for Mr. Becnel offered a certified copy of the Trust document and notice of recordation, which was admitted without objection.

On cross-examination, Mr. Becnel admitted that although the Trust document was executed on December 13, 2019, it was not recorded until March 2, 2021. He explained that initially he was not aware that it should be recorded, but recorded it immediately after he became aware that it should be recorded. He also admitted that he has not paid taxes on the property because he has not received any notice for taxes due, and that he only recently applied for a tax I.D. number[2] and opened a bank account for the Trust. He testified that he was not aware of "a lot of these

---

[1] The rule to evict and appellant's brief to this court allege that Mrs. Cernicek passed away on March 25, 2021. Counsel for appellee argued in his brief to this court and at the rule to evict hearing that Mrs. Cernicek passed away on March 24, 2021. Because Mrs. Cernicek's death certificate is not in evidence, for the purpose of this opinion, we will use the date of March 25, 2021, as alleged in the rule to evict.

[2] A copy of the tax I.D. documents were admitted into evidence by appellant, without objection.

requirements" until he hired counsel. He testified that the Trust was prepared by an attorney hired by Mrs. Cernicek at her request.

**DISCUSSION**

On appeal, the Trust contends that the trial court 1) erred in denying the rule to evict; 2) erred in concluding the Trust document did not transfer ownership of the property from Mrs. Cernicek to the Trust; and 3) erred in concluding Mrs. Cernicek owned the property at the time of her death.

Eviction is a proper remedy for use by an owner of immovable property, who wishes to evict the occupant after the purpose of the occupancy has ceased. La. C.C.P. art. 4702; Branch v. Young, 13-686 (La. App. 5 Cir. 02/26/14), 136 So.3d 343, 352; PTS Physical Therapy Service v. Magnolia Rehabilitation Service, Inc., 40,558 (La. App. 2 Cir. 01/27/06), 920 So.2d 997, 999. In an eviction proceeding against an occupant, the petitioner is required to make a *prima facie* showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the occupancy has ceased. Polk v. Buckhalter, 18-53 (La. App. 1 Cir. 09/24/18), 258 So.3d 816, citing R & R Land Company v. Lawson, 427 So.2d 1356, 1358 (La. App. 2 Cir. 1983). Generally, an appellate court reviews the factual findings of a lower court in an eviction matter under the manifest error or clearly wrong standard of review. Positivelytilton, LLC v. Aces Over, Inc., 19-321 (La. App. 5 Cir. 12/26/19), 286 So.3d 1253, 1259.

At the hearing, appellant introduced a certified copy of the Trust document and notice of recordation, which were admitted into evidence without objection. The Trust document and notice of recordation presented *prima facie* evidence that the Trust was the owner of the property. Appellant also submitted evidence through the testimony of the trustee, Mr. Becnel, that appellee/Ms. Becnel was a "person occupying immovable property by permission of a former owner" (*i.e.*, Mrs.

Cernicek). La. C.C.P. art. 4704.[3] Mr. Becnel testified that although the Trust sent appellee a notice to vacate because he wanted the property returned to the Trust's possession, appellee as an unauthorized occupant remains in possession of the property.

In response, counsel for appellee requested that the trial court take judicial notice that Mrs. Cernicek appointed Ms. Becnel as the executrix of her estate in her will, and that she filed an interim accounting listing the property as an asset of the estate. Appellee's counsel claimed that Ms. Becnel and her children are the only people residing at the property. He also argued that Mrs. Cernicek did not properly transfer the property to the Trust. Specifically, he asserted that the Trust document language was insufficient to transfer the property to the Trust (*i.e.*, no *current* transfer of the assets) and the language does not show that the trustee, Mr. Becnel, accepted the transfer of the property to the Trust. He claimed that the language used for the transfer of property to the Trust "implies that it was *transferred*, but there is no transfer document. . . no act of transfer . . . no act of donation to go along with this trust." Counsel for appellee also argued that a printout from the Assessor's Office shows that the assessor still lists Mrs. Cernicek as the owner of the property.[4] He asserted that Mr. Becnel as trustee has not attempted to "transfer these assets or do anything tacitly to show that he – the trust did own the assets or him as trustee was in control of the assets." He contended for these reasons, the rule to evict should be dismissed with prejudice.

In reply, appellant contended that the property was transferred to the Trust and it was in proper form. He argued that technical language is not required in the creation of a trust. In this case, the Trust document stated that Mrs. Cernicek, the

---

[3] La. C.C.P. art. 4704 provides:
"Occupant" includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner.

[4] The printout from the Assessor's Office was not offered or admitted into evidence. Therefore, the document cannot be considered by this court or by the trial court.

grantor, "transferred to the Trust the property described on 'Attachment A' which is attached and incorporated into this Trust." Attachment A lists the property that is the subject of this eviction proceeding. The Trust document and the notice of recordation show that the Trust is the owner of the property. The trustee, Mr. Becnel, testified that appellee was an unauthorized occupant and that the Trust seeks possession of the property. Mr. Becnel further testified that despite appellee receiving the notice to vacate, appellee remains in possession of the premises. Thus, appellant's counsel argued that the rule to evict should be granted because appellant sustained its burden of proof.

Louisiana has a strong public policy in effectuating and protecting a settlor's intent as set forth in a trust instrument. McCaffery v. Linder, 18-163 (La. App. 5 Cir. 12/27/18), 263 So.3d 1205, 1210, writ denied, 19-140 (La. 03/18/19), 267 So.3d 89. A settlor's intent controls, unless contrary to law or public policy. Id.; Richards v. Richards, 408 So.2d 1209, 1211 (La. 1981).

A trust is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another. La. R.S. 9:1731. Pursuant to La. R.S. 9:2252, trusts are governed by the laws in effect at the time of their creation. *Inter vivos* trusts are created upon execution of the trust instrument. La. R.S. 9:1822. An *inter vivos* trust may be created only by authentic act or by act under private signature executed in the presence of two witnesses and duly acknowledged by the settlor or by the affidavit of one of the attesting witnesses. La. R.S. 9:1752. No particular language is required to create a trust, but it must clearly appear that the creation of a trust is intended. La. R.S. 9:1753.

A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the trust instrument is susceptible of such an interpretation. Id. The provisions of the Louisiana Trust Code shall be accorded a liberal construction in favor of freedom of disposition. La. R.S. 9:1724; Grant v.

Grant, 35,635 (La. App. 2 Cir. 02/27/02), 810 So.2d 1226, 1228. Whenever possible, a trust instrument will be construed so as to uphold the validity of the trust and render the instrument effective. Id. at 1228-1229; St. Charles Land Trust v. St. Amant, 217 So.2d 385 (La. 1968). In construing a trust, the settlor's intention controls and is to be ascertained and given effect, unless opposed to law or public policy. Grant, 810 So.2d at 1229. If the trust contains a transfer of immovable property, it must be recorded in the parish in the property is located in order to affect third persons. La. R.S. 9:2092.

In this case, appellant submitted evidence that the grantor/settlor, Mrs. Cernicek, intended to and did transfer all of the property listed in Attachment A, including 2320 Metairie Heights Avenue ("the property"), to the Trust. The trustee may, as Mr. Becnel did in the Trust document at issue herein, accept the Trust in the Trust document. La. R.S. 9:1755. Appellee disputed the validity of the transfer of the property to the Trust alleging that the language was insufficient to transfer the property to the Trust and the language was insufficient for the trustee to accept the transfer of the property to the Trust.

A trust document is not required to contain specific language of conveyance, provided it is clear that title is being transferred to the trustee, because the creation of a trust automatically and by definition effects a transfer of title to the trust property pursuant to La. R.S. 9:1731. Grant, 810 So.2d at 1229. Here, the Trust document clearly identified the property in question transferred to the Trust. The Trust document created by the grantor, Mrs. Cernicek, and accepted by the trustee, Mr. Becnel, clearly expressed the intent to create an *inter vivos* trust, effective immediately. Mrs. Cernicek placed property in the Trust at its inception by referencing and incorporating Attachment A, including the property at issue in this case. Under the provisions of the Louisiana Trust Code, the Trust, properly created by authentic act of Mrs. Cernicek and accepted by Mr. Becnel as trustee, was created

upon execution of the Trust document. At the time the Trust document was created, December 13, 2019, it was clear that the grantor, Mrs. Cernicek, intended to, and did transfer title of the property to the Trust on that date by attaching Attachment A to the Trust and incorporating the same therein. Furthermore, the Trust document was recorded on March 2, 2021. Consequently, we find that the trial court erred in finding that the property was not properly transferred to the Trust and that Mrs. Cernicek was the owner of the property when she passed away on March 25, 2021.

However, a review of the record shows that although appellant attached the notice to vacate and service thereof to its rule to evict and discussed the same at the eviction hearing, appellant did not offer or introduce into evidence the notice to vacate or evidence of service thereof.[5] This court cannot consider documents not formally admitted into evidence, whether the lack of admission into evidence was assigned as error or not. Freeman v. Ochsner Clinic Foundation, 20-283 (La. App. 5 Cir. 11/10/20), 307 So.3d 335, 338; Branch v. Young, 13-686 (La. 5 Cir. 02/26/14), 136 So.3d 343, 353. Therefore, this court cannot review the notice to vacate and service thereof to ensure that they were sufficient. La. C.C.P. arts. 4701 and 4731.

Notice to vacate is the initial step necessary to effectuate an eviction. Platinum City, L.L.C. v. Boudreaux, 11-559 (La. App. 3 Cir. 11/23/11), 81 So.3d 780, 785. The owner may proceed summarily to have the occupant evicted upon the occupant's failure to vacate the premises after receiving such notice. Id.; La. C.C.P. arts. 4701 and 4731. "A reason for eviction and proper notice are essential requirements for a [occupant] to have due process." River Garden Apartments v. Robinson, 12-938 (La. App. 4 Cir. 01/23/13), 108 So.3d 352. The notice to vacate is an essential part of the summary eviction procedure provided for in La. C.C.P. art. 4701. Kushi Healthcare, L.L.C. v. St. James Behavioral Health Hosp., Inc., 15-7

---

[5] Prior to the testimony of the trustee, Mr. Becnel, counsel for appellant provided a notice to vacate and service thereof to appellee, referencing the notice and service attached to the rule to evict.

(La. App. 1 Cir. 06/05/15), 174 So.3d 1192, 1198; See also, Solet v. Brooks, 09-568 (La. App. 1 Cir. 12/16/09), 30 So.3d 96, 101-102. Without this notice, there can be no judgment issued under La. C.C.P. art. 4701. Kushi Healthcare, L.L.C., 174 So.3d at 1198. Accordingly, without the notice to vacate, appellant failed to make a *prima facie* showing that it complied with *all* of the requirements for a summary eviction proceeding. See Branch, *supra*; Platinum City, L.L.C., *supra*; River Garden Apartments, *supra*.

Considering appellant's failure to introduce into evidence an essential element in a summary eviction proceeding (*i.e.*, the notice to vacate and evidence of service), we find the trial court was not manifestly erroneous in denying appellant's rule to evict and dismissing the same with prejudice.[6]

**DECREE**

For the reason stated herein, the trial court's judgment denying appellant's rule to evict is affirmed.

<u>**AFFIRMED**</u>

---

[6] Appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger, 09-571, 09-584, 09-585, 09-586 (La. 04/01/11), 61 So.3d 507, 572; Zydeco's II, LLC v. Certain Underwriters at Lloyd's London, 19-562 (La. App. 5 Cir. 05/28/21), — So.3d —, 2021WL2178482 ("Appellate courts examine *the result* of the judgment rather than the reasons.") Judgments are often upheld on appeal for reasons different than those assigned by the trial court. Wooley, 61 So.3d at 572; Allday v. Newpark Square I Office Condominium Association, Inc., 20-358 (La. App. 5 Cir. 08/18/21), 327 So.3d 566, 573; Rocha v. Ace Property and Casualty Insurance Company, 19-173 (La. App. 5 Cir. 12/18/19), 286 So.3d 1142, 1147, n.11; Wempren v. St. James Parish School Bd., 15-709 (La. App. 5 Cir 05/12/16), 193 So.3d 349, 354; Dufresne v. Dufresne, 10-963 (La. App. 5 Cir. 05/10/11), 65 So.3d 749,754.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 16, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-62**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
KYLE S. SCLAFANI (APPELLANT)          MICHAEL A. TUSA (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED