MARC E. JOHNSON, Judge.
| pDefendant/Appellant, St. James Parish School Board (hereinafter referred to as “the School Board”), appeals the wprkers’ compensation judgment in favor of Plaintiff/Appellee, Dena Wempren, from the Office of Workers’ Compensation (hereinafter referred to as “the OWC”), Division “6”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This case arises from a workers’ compensation matter. The facts relevant to this appeal are as follows. On October 7, *351 2013, Ms. Wempren filed a “Disputed Claim for Compensation,” alleging that she sustained injuries when a student pulled a chair out from under her and caused her to fall to the floor in a seated position as she was in the process of sitting down on January 30, 2013.[1] Ms. Wempren’s workers’ compensation claim was accepted by the School Board as compensable. The School Board paid for Ms. Wempren’s approved medical treatment and indemnity benefits. Ms. Wempren also received temporary total disability benefits.
Ms. Wempren filed her first amended disputed claim for compensation on July 10, 2014. In that amendment, she stated that the School Board instructed her |sto return to work on July 29, 2014; however, she also stated that her “Work Status Report” from Dr. Samir Patel, a pain management doctor, dated July 9,2014 advised that she was unable ,to return to work pending treatment.
On August 22, 2014, the School Board filed a “Motion to Appoint Independent Medical Examiner” for the purpose of appointing a physician in the -field of neurosurgery to determine Ms.-Wempren’s ability to return to work. The OWC denied the School Board’s motion on October 3, 2014. In a second amended disputed claim for compensation filed on November 20, 2014, Ms. Wempren stated that she was unable to return to work per the orders of her treating physicians. She also requested that a subsequent request for a court appointed independent medical examiner by the School Board be denied and dismissed because it had already been addressed by the OWC.
On December 11, 2014, Ms. Wempren was examined by Dr. James Tran, a court-appointed independent medical examiner who specialized in neurosurgery. Dr. Tran opined that Ms. Wempren could return to work in a modified -duty. On December 22, 2014, Carol Webre, the Administrative Director of Human Resources for the School Board, Brandyn Landry, a vocational rehabilitation consultant, and Ms. Wempren had a meeting to create a position according to the restrictions set -forth by the functional capacity evaluation and Dr. Tran. - In a letter dated December 31, 2014, the ■ School Board- stated that if Ms. Wempren did not return to work on January 5, 2015, her workers’ compensation benefits would be adversely affected. Ms. Wempren began working in the modified position on January 5, 2015.
Ms. Wempren, filed a third amended disputed claim for compensation on April 29, 2015. In that claim, Ms. Wemprén stated that Dr. Patel', Dr. Jessica Brown, a psychologist, and Dr. Eric Oberlander, the School Board’s choice • of | ¿physician, all found her to'be disabled. The claim also stated that Ms. Wempren returned to job duties that were not in her job description. However, Ms. Wempren remained in the modified position until'the end of the 2014-2015 school year with no reported issues.
Subsequent to the filing of Ms. Wem-pren’s third amended claim, the School Board filed a “Motion to Appoint an Independent Medical Examination in Neurop-sychology” on May 11, 2015. In a ruling render on June 1, 2015, the OWC appointed Dr. Michael Chafetz as,the court-appointed expert in the field of neuropsychol-ogy.
A trial on the merits of Ms. Wempren’s claim was then held on July 6, 2015. - The issues litigated at trial were whether Ms. Wempren was able to work and whether *352 the modified job duty given to her by the School Board was appropriate based upon her restrictions. At the conclusion of the trial, the OWC judge took the matter under advisement and allowed the filing of post-trial briefs. On July 24, 2015, the OWC issued a judgment that found the modified position provided by the School Board was not appropriate for Ms. Wem-pren with her restrictions. In the reasons for judgment, the OWC mainly found that the job description of the position created by the School Board and approved by Ms. Wempren’s doctors did not accurately state the job duties and additional physical challenges the job actually entailed on a daily basis. The instant appeal followed.[2]
ASSIGNMENTS OF ERROR
On appeal, the School Board alleges the OWC erred: 1) in finding that Ms. Wem-pren carried her burden of proof in establishing that the modified job provided for her was not appropriate; 2) by giving conflicting reasoning for her judgment by stating both that Ms. Wempren was able to work yet the modified job |fiwas not appropriate; 3) by rendering a judgment that was not based on competent evidence; and 4) by rendering an advisory opinion based upon a hypothetical scenario.
LAW AND ANALYSIS

Burden of Proof

The School Board alleges the trial court erred in finding that Ms. Wempren carried her burden of proof in establishing that the modified job provided to her was not appropriate on the basis that it did not comply with her restrictions. The School Board argues that Ms. Wempren failed to prove that the modified job was not suitable for her through presenting evidence that the job was not within her physical capabilities, within her- geographical area, or within her age, experience and education. It contends that the evidence showed that Ms. Wempren was provided every accommodation or modification necessary to ensure that the modified position was adequate and suitable for her. The School Board further contends that it makes no practical sense for Ms. Wempren to work a job that she helped create, not report any issues during performance of the job, complete the term of that position, and subsequently claim that the position was not suitable.
Factual determinations in a workers’ compensation case, including whether the employee has discharged her burden of proof, are subject to the manifest error or clearly wrong standard of appellate review. Wilson v. Metro. Dev. Ctr., 12-487 (La.App. 5 Cir. 3/13/13); 113 So.3d 261, 265-66. Under this standard, an appellate court may only reverse a workers’ compensation judge’s factual findings if it finds from the record that a reasonable factual basis for the finding does not exist, or that examination of the entire record reveals that the finding is clearly erroneous. Id. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel |flthat its own evaluations and inferences are as reasonable. Galiana v. Lucky Coin Mach. Co., 15-2065 (La.1/8/16); 184 So.3d 689, citing Bosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the OWG found that the modified position provided by the School Board was not appropriate for Ms. Wempren with her restrictions. The job description, which was revised on December 22, 2014 and verified by Carol Webre *353 on January 30, 2015, states Ms. Wempren would:
Provide reading instruction to alternative career students.
May also be requested to provide instructional support to students enrolled in the virtual academy program requiring classroom assistance. Students will primarily range from 7th grade to 12th grade. These students may be enrolled in this program because they are at risk for failing due to medical complications, social concerns, special education needs, etc.
The job description also stated that the job would frequently require the lifting or carrying of zero to five lbs. and the School Board would offer Ms. Wempren the use of a scooter to provide mobility.
At trial, Ms. Wempren presented medical documentation from Dr. Jessica Brown dated January 30, 2015⅝ which indicated that Ms. Wempren was unable to work pending treatment.[3] Ms. Wempren also presented a vocational report from Ms. Landry, the vocational rehabilitation consultant, stating she could not confirm the modified job was appropriate given Dr. Brown’s recommendation that Ms. Wem-pren not work. The report also noted that Ms. Landry observed panic/anxiety attack symptoms from Ms. Wempren while at work. Ms. Wempren testified that her actual job duties included teaching an algebra class, substitute teaching other classes, and monitoring large numbers of students waiting for buses to transport them. She also testified that she did not perform the job duties approved in the job ^description. While she worked until the end of the school year in the modified position, Ms. Wempren testified to medical problems occurring during that time and stated that she “inefficiently” finished the year.
In support of its assertion that the modified position was within Ms. Wempren’s restrictions, the School Board submitted Dr. Tran’s December 16, 2014 report that stated Ms. Wempren could return to work with the restriction of lifting no more than 5 lbs., no walking or standing for more than two hours in an eight-hour day. Dr. Tran’s report also stated that Ms. Wem-pren needed accommodations so she could sit for five hours out of an eight-hour day.
After review, we find that a reasonable factual basis for the OWC’s finding is supported by the record. First, there was sufficient evidence presented to show that Ms. Wempren was unable to work in any capacity pending medical treatment. Second, although Ms. Wempren returned to work in spite of her doctor’s recommendation, there was sufficient evidence-presented that showed she performed job duties that were not in the job description provided by the School Board. Therefore, we cannot find the trial court was manifestly erroneous in finding Ms. Wempren met her burden of proof in establishing that the modified job provided to her was not appropriate.

Reasons for Judgment

The School Board alleges the OWC erred by providing conflicting reasons for the judgment. The School Board argues that while the OWC found that Ms. Wem-pren was physically able to handle the daily requirements of the modified position, it also found that the job was not appropriate. The School Board maintains that the competent evidence presented to *354 the OWC clearly showed that Ms. Wem-pren was capable of working and did so for the school year without any Rcomplaints. Thus, the School Board avers that the OWC’s contention that the modified job was not appropriate is clearly wrong.
Oral or written reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger (La.4/1/11); 61 So.3d 507, 572. Judgments are often upheld on appeal for reasons different' than those assigned by the district judges. Id. “The written reasons for judgment are merely an explication of the trial court’s determinations. They do not alter, amend, or affect the final judgment being appealed,...” Id.
Because the reasons for judgment form no part of the judgment on appeal, we find no merit to this assignment raised by the School Board.

Competent Evidence

The School Board alleges that the OWC erred in rendering a judgment that was not based upon competent evidence. The School Board argues that Ms. Wem-pren’s self-serving and unsupported testimony was the only evidence presented that she was unable to work, and' that evidence alone was insufficient as competent evidence.- The School Board contends that because Ms. Wempren’s credibility was questionable and all the other evidence controverted her testimony, the only reasonable conclusion based .upon competent evidence is that the modified job provided was appropriate.
At trial, the School Board presented a report from Dr. Chafetz that stated Ms. Wempren was not mentally functionally impaired and she over-reported her symptoms. However, Ms. Wempren testified as to her impairments and symptoms while performing the duties of the modified position, When findings of the trial court are based on determinations regarding the credibility of-witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings. Perkins v. The Radiator Shop, Inc., 02-310 (La.App. 5 Cir. 9/30/02) R829 So.2d 565, 567, citing, Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Obviously, the OWC gave substantial weight, to Ms. Wempren’s testimony in its determination. Despite the School Board’s, assertion that Ms. Wem-pren’s testimony was the only evidence presented that she was unable to work, medical documentation indicating she could not work was admitted into evidence. Additionally, Ms. Landry’s observation gave support to Ms. Wempren’s claims. Because the OWC’s determination is supported by the record, we cannot find the determination was manifestly erroneous. Advisory Opinion
-The School Board alleges that the OWC rendered an advisory opinion based upon a hypothetical, scenario. It argues that the QWC’s judgment was based upon a hypor thetically dangerous scenario involving the students that did not actually happen during the months of Ms. Wempren working in the modified position.
The judgment rendered in this matter makes no mention of any hypothetical scenario. The reasons for judgment discuss the “unnecessary physical' danger” presented by supervising “discipline-challenged” students; However, as mentioned earlier, the reasons for judgment form no part of the judgment and are not reviewed by appellate courts. See Wooley, supra. Therefore, we find no merit to this assignment of error raised by the School Board.
DECREE
For the foregoing reasons, we affirm the judgment of the Office of Workers’ Compensation in favor of Dena Wempren. St. *355 James. Parish School Board is assessed the costs of this appeal.
AFFIRMED.

. The School Board-and HSLI, the School Board’s third-party administrator, were served with Ms. Wempren’s disputed claim. However, Ms. Wempren dismissed HSLI as a defendant on November 19, 2013.

, Ms. Wempren did not file an appellate brief in this matter to argue her position.

. Ms. Wempren also submitted two "Work Status” reports from the NeuroMedical Center Clinic that were dated January 30, 2015 and March 27, 2015, both stating that she was unable to work pending surgical treatment. However, neither of the documents have a specific doctor’s name associated with the reports.